# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Aristors Licensing LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Blackberry Corporation,**<br><br>Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Aristors Licensing LLC ("Aristors"), through its attorneys, complains of Blackberry Corporation ("Blackberry"), and alleges the following:

### PARTIES

1. Plaintiff Aristors Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 6205 Coit Rd, Ste 300-1020, Plano, TX 75093-4362.

2. Defendant Blackberry Corporation is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 5000 Riverside Dr Ste 100, Irving, TX 75039.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Aristors has suffered harm in this district.

## PATENTS-IN-SUIT

7. Aristors is the assignee of all right, title and interest in United States Patent Nos. 8,013,734 (the "'734 Patent"); 8,665,089 (the "'089 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Aristors possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '734 Patent

8. The '734 Patent is entitled "Personal safety mobile notification system," and issued 9/6/2011. The application leading to the '734 Patent was filed on 1/28/2008, which ultimately claims priority from provisional application number 60/930,093, filed on 5/14/2007. A true and correct copy of the '734 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '734 Patent is valid and enforceable.

**The '089 Patent**

10. The '089 Patent is entitled "Personal safety mobile notification system," and issued 3/4/2014. The application leading to the '089 Patent was filed on 2/7/2011. A true and correct copy of the '089 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '089 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '734 PATENT

12. Aristors incorporates the above paragraphs herein by reference.

13. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '734 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Blackberry's AtHoc system (among the "Exemplary Blackberry Products") that infringe at least exemplary claims 1 of the '734 Patent (the "Exemplary '734 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '734 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '734 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

16. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '734 Patent. On information and belief, Defendant has also continued to sell the Exemplary Blackberry Products

3

and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '734 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '734 Patent.

17. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '734 Patent, literally or by the doctrine of equivalence, by selling Exemplary Blackberry Products to their customers for use in end-user products in a manner that infringes one or more claims of the '734 Patent.

18. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '734 Patent, literally or by the doctrine of equivalence, by selling Exemplary Blackberry Products to their customers for use in end-user products in a manner that infringes one or more claims of the '734 Patent.

19. Exhibit 3 includes charts comparing the Exemplary '734 Patent Claims to the Exemplary Blackberry Products. As set forth in these charts, the Exemplary Blackberry Products practice the technology claimed by the '734 Patent. Accordingly, the Exemplary Blackberry Products incorporated in these charts satisfy all elements of the Exemplary '734 Patent Claims.

20. Aristors therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

21. Aristors is entitled to recover damages adequate to compensate for Defendant's infringement.

COUNT 2: INFRINGEMENT OF THE '089 PATENT

22. Aristors incorporates the above paragraphs herein by reference.

23. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '089 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary Blackberry Products that infringe at least exemplary claims 1 of the '089 Patent (the "Exemplary '089 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '089 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

24. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '089 Patent Claims, by having its employees internally test and use these Exemplary Products.

25. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

26. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '089 Patent. On information and belief, Defendant has also continued to sell the Exemplary Blackberry Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '089 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '089 Patent.

27. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '089 Patent, literally or by the doctrine of

equivalence, by selling Exemplary Blackberry Products to their customers for use in end-user products in a manner that infringes one or more claims of the '089 Patent.

28.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '089 Patent, literally or by the doctrine of equivalence, by selling Exemplary Blackberry Products to their customers for use in end-user products in a manner that infringes one or more claims of the '089 Patent.

29.     Exhibit 4 includes charts comparing the Exemplary '089 Patent Claims to the Exemplary Blackberry Products.  As set forth in these charts, the Exemplary Blackberry Products practice the technology claimed by the '089 Patent.  Accordingly, the Exemplary Blackberry Products incorporated in these charts satisfy all elements of the Exemplary '089 Patent Claims.

30.     Aristors therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

31.     Aristors is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

32.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Aristors respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Aristors respectfully requests the following relief:

A.     A judgment that the '734 Patent is valid and enforceable;

B.     A judgment that the '089 Patent is valid and enforceable;

    C.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '734 Patent;

    D.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '089 Patent;

    E.    An accounting of all damages not presented at trial;

    F.    A judgment that awards Aristors all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Aristors for Defendant's infringement, an accounting:

        i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Aristors be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

        ii.    that Aristors be awarded costs, and expenses that it incurs in prosecuting this action; and

        iii.    that Aristors be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: August 26, 2019        Respectfully submitted,

        /s/Stamatios Stamoulis
        Stamatios Stamoulis (No. 4606)
        800 N. West Street, Third Floor
        Wilmington, DE 19801
        Telephone: (302) 999-1540
        Facsimile: (302) 762-1688
        stamoulis@swdelaw.com

Isaac Rabicoff
(*Pro Hac Vice admission pending*)
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
Aristors Licensing LLC**